# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBORA GHISELLI,**

    **Plaintiff,**

    **v.**      Case No. 13-CV-354

**CAROLYN W. COLVIN,**
**Acting Commissioner, Social Security Administration,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

Debora Ghiselli ("Ghiselli"), appealed the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). On March 26, 2014, I affirmed the decision of the Commissioner of Social Security and dismissed the action. (Docket # 25.) Presently before me is Ghiselli's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons I explain below, Ghiselli's motion is denied.

Fed. R. Civ. P. 59(e) allows a party to move the court to alter or amend a judgment within 28 days following the entry of the judgment. Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)

(quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Ghiselli argues that this Court's decision contains factual and legal errors which support amending the opinion and reversing the ALJ's decision. (Docket # 27 at 1.) Ghiselli makes two arguments which warrant discussion. First, regarding the plaintiff's credibility determination, Ghiselli argues that the Court's reliance on *Klahn v. Colvin*, No. 13-CV-165, 2014 WL 841523 (E.D. Wis. Mar. 4, 2014) was improper because the court's reasoning in *Klahn* contravenes established principles of law, as well as the Seventh Circuit's holdings in multiple cases. Specifically, Ghiselli cites Seventh Circuit cases where the court found the Commissioner violated the Supreme Court's precedent as established in *SEC v. Chenery Corp*, 318 U.S. 80 (1943). I disagree that *Klahn* contravenes established law.

*Klahn* is distinguishable from the cases cited by Ghiselli. In *Klahn*, the ALJ made a credibility determination and explained the finding with citations to the record. 2014 WL 841523, at * 10. The *Klahn* court found that it would not be a violation of *Chenery* to consider additional evidence in the record not explicitly cited by the ALJ to support findings that ALJ explicitly made. *Id.* at *11. Whereas in *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013), *Mueller v. Astrue*, 493 Fed. Appx. 772, 776, 2012 WL 3575274 (7th Cir. Aug. 21, 2012), and *Parker v. Astrue*, 597 F.3d 920, 922, 925 (7th Cir. 2010), the court found violations of *Chenery* where the Commissioner's attorney relied on arguments or rationale not relied on by the ALJ. Even in *Mueller*, where the Commissioner argued that he was relying on the ALJ's stated rationale and was simply providing additional evidentiary support, the court makes clear that the ALJ provided no reasons for her rejection of the treating physician's

opinion and the court cannot, in the absence of a rationale by the ALJ, rely on the rationale advanced by the Commissioner on appeal. 493 Fed. Appx. at 776.

As the court in *Klahn* explains, if consideration of the record as a whole violated *Chenery*, it would be unnecessary for the court to review the administrative record. 2014 WL 841523, at * 11. It would be sufficient for the court to review the ALJ's decision by itself and only refer to the record when the parties disputed whether the ALJ had accurately recounted the evidence. *Id.* This is not a case like *Parker*, *Roddy*, or *Mueller* where the Commissioner argued the ALJ's decision should be upheld on a rationale not advanced by the ALJ. Rather, as in *Klahn*, the ALJ properly assessed Ghiselli's credibility, relying on record evidence, and this Court cited additional record evidence to support a finding the ALJ explicitly made. Ghiselli's disagreement with the court's reasoning in *Klahn* is far from a wholesale disregard, misapplication, or failure to recognize controlling precedent required to show a manifest error of law.

Next, regarding the RFC finding, Ghiselli argues the Court's decision was internally inconsistent because the Court found that the ALJ did not properly explain how he arrived at the 10 percent off-task figure, while also finding that the ALJ relied on Dr. Delo's opinion in giving Ghiselli a sit-stand option. (Docket # 27 at 7.) Ghiselli asks, "how is it clear that the ALJ relied on Dr. Delo's opinion, which does not address the 10 percent off-task limitation?" (*Id.*) Ghiselli misunderstands the Court's finding. The Court held that the ALJ clearly relied on Dr. Delo's opinion in assigning Ghiselli a sit-stand option (*See* ALJ Hearing Decision, Tr. 29 "I furthermore find that exertional limitations at the light range, along with a sit-stand option, are consistent with the claimant's own treating provider's recommendations."). The Court separately addressed the issue of the 10 percent off-task figure, acknowledging that no doctor opined on the matter and Ghiselli provided no

testimony on the issue. (Docket # 25 at 21-22.) Ghiselli's disagreement with the Court's reliance on *Zenka v. Astrue*, 904 F. Supp. 2d 884, 901 (N.D. Ill. 2012) does not amount to a manifest error of law. Further, Ghiselli argues that she presented evidence, in the form of Dr. Delo's opinion, that she could not engage in a eight hour workday, thus the ALJ's finding of 90% on task was unsupported by the record because she would be off work at least 50% of the time. (Docket # 27 at 9.) However, the Court upheld the ALJ's rejection of Dr. Delo's four hour work restriction. (Docket #25 at 22-24.)

The balance of Ghiselli's arguments are no more than restatements of her previous arguments. A Rule 59(e) motion is not an appropriate forum for rehashing previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Docket # 27) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge